RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

APR 2 3 2026

DANIEL J. MCCOY CLERK
BY:_____

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Christina Curtis, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I am employed as a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Shreveport Field Office, New Orleans Field Division.  I have been employed since May 2021 and have completed the Criminal Investigator Training Program and Special Agent Basic Training at the ATF National Academy.  In addition to my federal law enforcement training, I completed the Shreveport Police Department Basic Academy and worked for three years as a patrol officer and two years as a Property Crimes Detective.  Through my training and experience, I am knowledgeable about federal firearms and drug laws.  During my time in law enforcement, I have participated in investigations of individuals involved in the illegal use, possession, and transportation of firearms. I have also participated in investigations of individuals involved in the manufacturing, distribution, and sale of illegal controlled substances.  In such investigations, I have conducted physical surveillance, and executed and participated in firearms and narcotics search warrants. I have also debriefed defendants, informants, witnesses, and other persons who have personal knowledge of the methods and practices used by firearm traffickers. I have received formal training for law enforcement personnel as it pertains to the recognition, identification and classification of firearms and ammunition.

1

2.      I make this affidavit in support of arrest warrants for Michael MAYENCE for Prohibited person - DV/Protective order possession in violation of 18 U.S.C. §§ 922(g)(8).

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers and agencies.  This affidavit is intended to show merely that there is sufficient probable cause for the requested arrest warrants and does not set forth all of knowledge about this matter.

## PROBABLE CAUSE

4.      On April 19, 2026, the Louisiana State Police (LSP) conducted a search warrant at 490 Brompton Lane in Bossier City, LA, the residence of Michael MAYENCE.  During the execution of the search warrant LSP located several firearms inside of the residence, but LSP did not seize them.  Agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) spoke to LSP who stated the firearms appeared to be displayed on each step leading up to the second floor and from their training and experience they appeared to be real firearms.

5.      On April 22, 2026, agents reviewed the National Crime Information Center's records pertaining to Michael MAYENCE.  According to NCIC records MAYENCE has an active protection order and is currently prohibited from receiving or possessing a firearm under federal law Title 18, U.S.C., Section 922.

6.      On April 22, 2026, agents reviewed documents from the Bossier Parish Clerk of Court in reference to MAYENCE.  According to Bossier Parish Clerk of

Court, a protection order was filed against MAYENCE on October 14, 2024. Bossier Parish Sheriff's Office was unable to serve MAYENCE with the protection order and it was noted on October 16, 2024. On October 23, 2024, MAYENCE was not present during court, and the court ordered the extension of the temporary restraining order and set a hearing for November 27, 2024. According to court records MAYENCE was personally served on October 25, 2024 a "Rule To Show Cause" and a Temporary Restraining Order by the Bossier Parish Sheriff's Office. "The Rule To Show Cause" shows a court date in Bossier Parish District Court on November 27, 2024.

7.    On November 27, 2024, Bossier Parish District court held a hearing where the plaintiff was present with counsel, but MAYENCE was not present or represented. The court ordered a protection order active until May 27, 2026, with several parts of the protection order were notated to never expire.

8.    According to Court records, on December 2, 2024, a Bossier Sheriff's Deputy personally served Mayence with the Order of Protection.

9.    Agents reviewed the protection order from the Bossier Parish Clerk of Court and located on page 7 of the document in a notice to the defendant that it may be unlawful for them to possess, transfer, or ship a firearm under Title 18, U.S.C., Section 922(g)(8).

10.    Based upon your affiants training and experience they know Title 18, U.S.C., Section 922(g)(8) prohibits a person who is subject to a court order that restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct

that would place an intimate partner in reasonable fear of bodily injury to the partner or child, except that this paragraph shall only apply to a court order that; (A) was issued after a hearing of which such person received actual notice, and at which such person had the opportunity to participate; (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and (C) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury.

11.    MAYENCE was served a copy of the "Rule to Show Cause" and the temporary restraining order on October 25, 2024, and was given the opportunity to be represented in Bossier Parish District Court (A). Your affiant reviewed the copy of the protection order which shows the protected persons are a current or former spouse and child, stepchild, or foster child as noted on page 2 of the protection order (B). Lastly your affiant reviewed page 3 of the protection order which explicitly states the defendant is not to abuse, harass, assault, stalk, follow, track, monitor or threaten the protected persons in any manner whatsoever. This prohibition includes the use, attempted use, or threatened use of physical force that would be reasonably expected to cause bodily injury (C).

4

## CONCLUSION

12.    Based on the above facts and circumstances, your affiant believes that sufficient probable cause exists that Michale MAYENCE is a Prohibited person - DV/Protective order possession in violation of 18 U.S.C. §§ 922(g)(8).

13.    The information in this Affidavit is known to be accurate and correct to the best of my knowledge, information, and belief.

_____
Special Agent Christina Curtis
Bureau of Alcohol, Tobacco,
Firearms, and Explosives

Sworn to and subscribed before me this 23rd day of April, 2026.

_____
Honorable Mark L. Hornsby
United States Magistrate Judge

5